UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA
        Plaintiff

v.                                       Case Number 8:97cr55-002
                                           USM Number 10403-112

JOHNETTA DASHAWN HAYNES
        Defendant

                                           JULIE B. HANSEN
                                           Defendant's Attorney

_____

JUDGMENT IN A CRIMINAL CASE
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of Standard Condition nos. 1 and 8 of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 - Standard Condition no. 1 | Defendant conducted street level narcotics sales | October 21, 2004 |
| 2 - Standard Condition no. 1 | Defendant sold alcohol to a minor | April 30, 2004 |
| 3 - Standard Condition no. 8 | Defendant unlawfully and knowingly or intentionally manufactured, distributed, delivered or dispensed a controlled substance to wit: .2 grams of cocaine | October 21, 2004 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

```
                              Date of Imposition of Sentence:
                                              August 3, 2007

                                         s/Joseph F. Bataillon
                                    United States District Judge
```

August 10, 2007

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one (1) day.**

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this \_\_\_\_ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the \_\_\_\_ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this \_\_\_\_ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

**SUPERVISED RELEASE**

     Upon release from imprisonment, the defendant shall continue on with her remaining term of supervised release.

     While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page.)  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1.  Pursuant to 18 U.S.C. § 3583(d), the defendant shall submit to a drug test within fifteen days of release on Supervised Release and at least two periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, the defendant shall submit to such testing as requested by any U.S. Probation Officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. The defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances.

2.  Paragraph #8 of the Standard Conditions of supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

3.  Defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the U.S. Probation Officer to determine the presence of alcohol and/or controlled substances, firearms, or any other contraband. Any such items found may be seized by the U.S. Probation Officer. This condition may be invoked with or without the cooperation of law enforcement officers.

4.  The defendant shall attend, pay for, and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA or NA) for alcohol and/or controlled substance abuse, as directed by the U.S. Probation Officer.

5.  Defendant shall report to the Supervision Unit of the United States Probation office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska (402) 661-7555 within 72 hours of release from confinement.

Defendant: JOHN DOUGLAS SHAWN HAYNES
Case Number: 8:97cr55-002

Defendant: JOHN DOUGLAS SHAWN HAYNES
Case Number: 8:97cr55-002

# STANDARD CONDITIONS OF SUPERVISION

     While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime.
2) The defendant shall not leave the judicial district without the permission of the court or probation officer.
3) The defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer prior to any change in residence or employment.
8) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
14) As directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements.
15) The defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons.
16) The defendant shall pay any fine or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

17)     The defendant shall notify the probation officer of any
        material change in the defendant's economic circumstances
        that might affect the defendant's ability to pay any unpaid
        amount of restitution, fines, or special assessments.

        These conditions are in addition to any other conditions
imposed by this Judgment.

Defendant: JOHN CLAUDE SHAWN HAYNES  Page 8 of 8
Case Number: 8:97cr55-002

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 0 | $ 0 | $ 0 |

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk